UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 2:26-CR-39 |
| | ) | |
| v. | ) | |
| | ) | |
| BORKO STANKOVIC, | ) | |
| Defendant | ) | |

**<u>DEFENDANT BORKO STANKOVIC'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S *SANTIAGO* PROFFER AND MOTION TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(E)</u>**

Defendant Borko Stankovic, by counsel, respectfully responds to the Government's Santiago proffer and motion seeking a preliminary ruling that numerous text messages and emails are admissible under Federal Rule of Evidence 801(d)(2)(E). The Government's submission does not establish a sufficient basis for the requested blanket ruling. It describes broad categories of communications and summarizes selected exchanges, but it does not adequately identify each statement the Government seeks to admit, explain the precise purpose for which each statement is offered, or demonstrate—through evidence independent of the statements themselves—that each declarant and Mr. Stankovic were members of the same conspiracy when the particular statement was made and that the statement furthered that conspiracy.

Mr. Stankovic therefore asks the Court to deny the Government's request for a categorical pretrial ruling. At minimum, the Court should require a statement-specific proffer, conduct an evidentiary hearing if necessary, and reserve admissibility determinations until the Government has laid the required foundation at trial.

## I. GOVERNING LEGAL STANDARD

Rule 801(d)(2)(E) excludes from hearsay a statement offered against an opposing party that "was made by the party's coconspirator during and in furtherance of the conspiracy." Before admitting a statement under this rule, the Court must determine under Rule 104(a), by a preponderance of the evidence, that: (1) a conspiracy existed; (2) the defendant and the declarant were members of that conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy. United States v. Santiago, 582 F.2d 1128, 1133–34 (7th Cir. 1978).

The Government bears the burden of establishing the foundation. The Court may consider the statement itself, but it may not rely solely on the statements whose admission is sought; there must also be corroborating evidence. United States v. Harris, 585 F.3d 394, 398–99 (7th Cir. 2009). The required showing is not satisfied merely by demonstrating that people communicated about loan applications or that their communications occurred during the same general period.

The Seventh Circuit recognizes that a Santiago proffer may take different forms. A summary proffer may suffice in an appropriate case, and a district court may hold a preliminary hearing or defer its ruling until trial. United States v. Alviar, 573 F.3d 526, 540 (7th Cir. 2009); United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991); United States v. Shoffner, 826 F.2d 619, 629 (7th Cir. 1987). But the Seventh Circuit has emphasized diligence and the need for a detailed and complete showing where a case involves a substantial volume of alleged coconspirator statements. United States v. Clemon, Nos. 23-2434, 23-2450, 23-2479 & 23-2652 (7th Cir. Aug. 4, 2026). Clemon does not impose a categorical line-by-line requirement in every case; it underscores the importance of a sufficiently particularized proffer to permit meaningful judicial review.

## II. THE PROFFER DOES NOT SUPPORT A BLANKET RULING AS TO ALL COMMUNICATIONS

The Government describes approximately 40 text messages involving Individual A, 87 involving Individual B, and 64 involving Individual C, together with selected emails from two Google accounts. It also seeks admission of entire text-message threads. The volume of communications makes it especially important to identify which exact statements are being offered and the evidentiary basis for admitting each one.

The proffer does not establish that every participant in these communications knowingly joined one overarching agreement to commit wire fraud. Nor does it explain, statement by statement, how each communication advanced the alleged common objective. A person's participation in a loan application, the provision of ordinary identifying information, a request for an update, or a response about application status does not, without more, establish knowing membership in a criminal conspiracy.

The Court should require the Government to identify, for each statement it seeks to admit: (a) the declarant; (b) the date and complete statement; (c) the alleged conspiracy and its objective; (d) the evidence, independent of the statement, showing that the declarant and Mr. Stankovic were members; (e) the evidence showing that the statement was made during the conspiracy; and (f) the specific way in which the statement furthered the conspiracy. Without that information, the defense cannot meaningfully test the Government's theory or the Court reliably perform its Rule 104(a) function.

## III. THE SUMMARIZED COMMUNICATIONS DO NOT, AS DESCRIBED, ESTABLISH THE REQUIRED FOUNDATION

### A. Communications involving Individual A

The Government highlights a June 17, 2020 exchange concerning a second PPP application, rejection by a lender, and possible alternative lenders, as well as communications concerning Zelle account information and confirmation of receipt. The proffer's summary does not establish that Individual A knowingly agreed to participate in a scheme to submit fraudulent applications, rather than discussing application options or transmitting payment information. Nor does it explain how each identified statement furthered the alleged conspiracy. The Court should not infer conspiratorial agreement from the mere fact of communications about lending options or payment logistics.

**B. Communications involving Individual B**

The Government identifies communications concerning submission of an Eclipse EIDL application on August 6, 2020; identity, company, and address information on August 21–22; reopening and submission of an ESD EIDL application on September 17–18; and password-reset assistance on September 21–24. Those subjects, as summarized, include routine application administration and account access. The proffer must establish more than that Individual B supplied information or communicated with Mr. Stankovic. It must show that Individual B knowingly joined the alleged unlawful agreement and that each challenged statement was made to advance it.

**C. Communications involving Individual C**

The Government identifies communications concerning an application under review, a rejection and prior applications with other lenders, a statement summarized as "will work," processing, application status, a reduced amount due to policy, and an emailed tax document. The short summaries do not disclose the full language or context necessary to determine whether the statements were assertions offered for their truth, directions, requests, or ordinary status

communications. The Government's allegation that Individual C altered bank statements at Mr. Stankovic's direction is disputed and must be established with competent evidence; it cannot be treated as an established foundation merely because it appears in the proffer.

## IV. THE GOVERNMENT HAS NOT SHOWN THAT ENTIRE TEXT-MESSAGE THREADS ARE ADMISSIBLE

The Government's request to admit entire text-message threads is overbroad. Rule 801(d)(2)(E) applies only to qualifying statements made by a coconspirator during and in furtherance of the conspiracy. It does not automatically admit every message in a conversation, every response, every narrative statement, or every item of surrounding context.

Some messages may be Mr. Stankovic's own statements and, if offered against him, may be analyzed separately under Rule 801(d)(2)(A). Other messages may be non-hearsay because they are not offered for their truth, or because they are requests, commands, or other non-assertive conduct. Still others may be inadmissible hearsay or may be irrelevant or unfairly prejudicial. The Court should require the Government to identify the precise evidentiary basis for each message rather than admit whole threads wholesale.

The Court should also consider Rule 403. Admission of extensive, unfiltered conversations risks confusing the issues, inviting the jury to treat every participant's statements as evidence against Mr. Stankovic, and requiring the defense to address collateral or irrelevant matters. Any legitimate contextual need can be met by admitting only the relevant portions, with appropriate redactions and limiting instructions.

## V. UNTRANSLATED SERBIAN-LANGUAGE EMAILS SHOULD NOT BE ADMITTED ON THE PRESENT RECORD

The Government acknowledges that certain Serbian-language emails remain to be translated and that it may supplement its proffer. Until the Government provides complete,

accurate translations and identifies the particular statements it intends to offer, the Court cannot assess their meaning, context, relevance, or admissibility under Rule 801(d)(2)(E). The defense must have a fair opportunity to review the original communications and translations, investigate context, and raise any translation or foundation objections. No ruling admitting those emails should be made on the present record.

## VI. THE GOVERNMENT MUST ESTABLISH THAT EACH STATEMENT WAS MADE DURING AND IN FURTHERANCE OF THE ALLEGED CONSPIRACY

The "during and in furtherance" requirement is independent of whether a conspiracy existed at some point. A statement made after the conspiracy's objectives have been achieved, or after a declarant has withdrawn, is not admissible under Rule 801(d)(2)(E) merely because it concerns past events. In particular, statements made solely to conceal a completed offense or cover up past conduct are not automatically statements in furtherance of the conspiracy. See Grunewald v. United States, 353 U.S. 391, 401–02, 405 (1957).

The Government must therefore establish the relevant time period and objective of the alleged conspiracy and show how each challenged statement advanced an ongoing objective. A generalized assertion that communications relate to loan applications is insufficient to satisfy this requirement for every message in the identified threads.

## VII. THE PROFFER'S REFERENCE TO A "RACKETEERING CONSPIRACY" DOES NOT MATCH THE CHARGES IDENTIFIED IN THE SUPERSEDING INDICTMENT

The Government's proffer refers to a "racketeering conspiracy." The superseding indictment, however, charges four counts of wire fraud under 18 U.S.C. § 1343; it does not charge Mr. Stankovic with a RICO conspiracy under 18 U.S.C. § 1962(d). The defense recognizes that Rule 801(d)(2)(E) does not require that a conspiracy itself be charged as a separate count. See, United States v. Godinez, 110 F.3d 448, 454 (7th Cir. 1997). The concern is instead that the Government

must clearly identify the particular conspiracy it claims existed, its alleged objectives and duration, and the evidence connecting each declarant to that agreement. The unexplained reference to a racketeering conspiracy makes that clarification especially important.

**VIII. REQUESTED RELIEF**

For these reasons, Mr. Stankovic respectfully requests that the Court:

1. Deny the Government's request for a blanket pretrial ruling admitting the identified text messages and emails under Rule 801(d)(2)(E);
2. Require the Government to provide a particularized statement-by-statement proffer identifying the exact language, declarant, date, purpose, and independent corroborating evidence for each statement it seeks to admit;
3. Require complete translations of all foreign-language communications, together with sufficient time for defense review;
4. Reject the request to admit entire text-message threads without individualized rulings, and require the Government to identify any portions offered under a separate evidentiary theory;
5. Conduct a Rule 104(a) evidentiary hearing if the existing record does not permit reliable findings, or reserve ruling until the Government lays the foundation at trial; and
6. Exclude any statement for which the Government fails to establish the requirements of Rule 801(d)(2)(E), and exclude or redact material whose probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time under Rule 403.

Respectfully submitted,

/s/ Matthew N. Fech______________________
Matthew N. Fech (#23277-45)
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I certify that on 10th day of November, 2026 , I served a copy of the foregoing response on counsel for the United States through the Court's CM/ECF system.

/s/ Matthew N. Fech____________________