UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BORKO STANKOVIC | Case No. 2:26-CR-39-GSL-JEM |

**COURT'S PROPOSED VOIR DIRE**

Good morning, ladies and gentlemen. I am Judge Gretchen Lund, and I will preside during this trial. It is a pleasure to welcome you here this morning as the panel from which a jury will be selected for the trial of this case. I thank you for taking the time away from what you would otherwise be doing today, for little compensation, to ensure that the important right to a trial by a jury is satisfied.

Occasionally, I may need to ask one of you a follow up question or you may have a response that you would like to keep private from the rest of the attendees. In that situation, we ask that you come to the podium with the smaller microphone and place the headsets on. White noise will be turned on for additional privacy. The microphone is extremely sensitive and will pick up your words just above a whisper, which will ensure no one else can hear you.

Let me introduce to you some of the people that will be involved in the trial. Seated here in front of the bench is the court reporter. Her job is to take down on her machine everything that is said during this trial. That includes the jury selection portion of the trial. In a few moments, we will be asking some of you questions which concern your qualifications to sit as jurors in this case. We ask that you speak up clearly so that

she can hear your answers and, if I do not call on you by name, please state your name along with your answer so that her notes will make sense.

The gentleman seated to the left along the wall is Mr. Jay Schrader. He is the deputy clerk for this courtroom. Seated at the table just beyond Mr. Schrader are Mr. Joseph Garloch and Mr. John Decker, who serve this Court as law clerks. Seated throughout the courtroom in the blue blazers are the court security officers. If any of you have any problems that arise during the trial, let them know, and they will let me know, and we will try to handle the problem in that way.

The attorneys involved in this trial are, for the Government, Assistant United States Attorneys Mr. Kevin Wolff and Mr. Zachary Heater, and, for the defendant, Mr. Matthew Fech. Seated at counsel table for the government is [*case agent's name*]. The person seated at counsel table with Mr. Fech is Mr. Borko Stankovic, who is the defendant in this case.

We anticipate this trial will take up to three days to complete, meaning today through this Wednesday, November 18th. I will make every effort to move this case along as promptly as I can.

This is the procedure by which some of you will be selected as jurors in this case. First, you will all be asked to take an oath or affirmation that your answers will be truthful. Following that, I will address several questions to all of you as a group, and I may ask some of you a follow-up question or two based on the questionnaires that you filled out and sent in. I will also ask you questions about your views on some issues that

may be involved in this case and which might affect the evaluation of the evidence one way or the other. Again, your only obligation is to answer the questions truthfully.

The questions that I ask are not meant to be offensive or overly personal or prying. The parties in this case, that is the United States of America and the Defendant Mr. Stankovic, have a right to have this case tried by qualified jurors who will, without bias or sympathy, objectively hear and decide the issues to be tried, and render a verdict solely on the basis of the evidence presented at trial, and the law applicable to the case as given by the court. I hope the questions I am about to ask will ensure that a jury is selected of people who can fairly and honestly do the job of jurors.

In addition, the attorneys will be allowed to exclude a limited number of people without having a reason. They do not have to tell you the reason; they do not have to tell me the reason; they do not even have to have a reason. You should not be offended if you are excused for no apparent reason.

At this time, it is necessary for you to be placed under an oath to answer truthfully. Please remember that we know very little about you, and that it is based upon the answers you will give to the questions that follow, that will determine whether you are qualified to serve as a fair and impartial juror in this case.

Are there any among you who, for whatever reason, cannot take an oath or affirmation?

Please stand, raise your right hands, and listen carefully as Mr. Schrader recites the oath.

*(oath administered)*

There are no right or wrong answers to the questions that I am going to ask all of you collectively. We all have different experiences and different opinions, and I have absolutely no expectation from you as to what your answers ought to be. Keeping in mind that your only obligation is to answer truthfully, I would also ask that when you want to be heard, please raise your hand so that the cordless microphone can be passed to you. If you do not understand a question or you cannot hear me, please let me know. Also, please tell me if you are uncomfortable with answering any question publicly, because if you are, then we can address your response privately with counsel.

1. This trial is anticipated to take up to three days to complete, starting each weekday at 9:00 a.m. and concluding around 5:00 p.m. Understanding that this may be inconvenient, but we cannot let good jurors go for simply that reason, would this schedule present any undue hardship for anyone? [If yes, would the scheduling conflict keep you from paying attention to the evidence as introduced? Would it keep you from being able to serve in a fair and impartial manner, putting personal feelings aside?]

2. Are there any of you who suffer from any problems of hearing or sight that would keep you from seeing and hearing the witnesses as they testify from this witness stand, if you were sitting in the jury box?

3. Do any of you suffer from any other physical problems that would keep you from sitting in the jury box and devoting your full attention to the court proceedings for as long as two hours at a stretch?

4. This case began with the filing of an indictment. The indictment is not evidence and affords no inference of guilt. An indictment is merely the formal method of charging a defendant with a crime. The charge contained in the indictment must be proved by evidence introduced during this trial. My purpose in telling you about the indictment is to let you know what the government will be trying to prove during this trial.

5. The indictment in this case charges Mr. Stankovic with committing four counts of Wire Fraud in Violation of Title 18, United States Code, Section 1343.

   Mr. Stankovic has pleaded not guilty to these charges.

6. Do any of you remember reading or hearing anything about this case?

7. Do any of you know, or think you may know, Mr. Stankovic, the defendant in this case?

8. Do any of you know any of the attorneys involved in this case?

9. Do any of you know any member of my judicial staff?

10. Do any of you know another person sitting in the jury venire?

11. In addition to Mr. Stankovic and the attorneys, there are other people whose names will be mentioned during the trial. Some of those people may testify as witnesses; others may simply be mentioned without testifying. I am going to read to you a list of people whose names may be mentioned during the trial. Please listen carefully to the list as I read it, and when I am done, I will be asking whether any of you know or think you may know any of the people on this list: [Read names from Government's Proposed Witness List]

12. If you are selected as jurors, you will be instructed on various principles of law that the jury will be expected to apply in this case. One of those instructions will discuss the presumption of innocence and the burden of proof beyond a reasonable doubt, in which you will be instructed that a defendant in a criminal case is presumed to be innocent of the charges, that this presumption remains with the defendant throughout every stage of the trial and during the jury's deliberations on the verdict, and is not overcome unless, from all of the evidence in the case, the jury is convinced beyond a reasonable doubt that the defendant is guilty. The jury will be told that the *government* bears the burden of proving the defendant guilty beyond a reasonable doubt, that this burden remains on the government throughout the trial, and that the defendant is not required to prove his innocence or to produce any evidence. If the government fails to meet that burden, you must find the defendant not guilty. Do any of you believe that you would be unable or unwilling to follow those rules of law?

13. You will also be told that the defendant in a criminal trial has an absolute, constitutional right not to testify. If Mr. Stankovic decides not to testify, you will be told that you cannot take that into account in your deliberations; rather, you must decide the case based on what you heard in court, and not on the basis that Mr. Stankovic did exactly what the constitution says that he can do and did not testify. If, on the other hand, Mr. Stankovic decides to testify, you will be told that you should judge his testimony the same as you would that of any other witness. Do any of you believe that you would be unable or unwilling to follow those rules of law?

14. Most people believe that there are two sides to every story. If you were to serve as a juror in this case, would you expect both sides to present evidence? If yes, please explain.

15. Do any of you assume that because the government has charged Mr. Stankovic with the commission of certain crimes that he must have done something wrong?

16. Do any of you have any bias or prejudice for or against the United States government or law enforcement that would make it difficult for you to be fair to both sides in a criminal case?

17. Have any of you or anyone close to you ever had contact with a law enforcement official, good or bad, that might affect your ability to be fair and impartial in this case?

18. Have you, a close family member, or a friend ever worked in the criminal defense field, either as an attorney, paralegal, legal assistant, or investigator? How about as a federal or state prosecutor?

19. Do any of you feel that you would be unable or unwilling to follow each of my instructions regarding the law applicable in this case, even if you disagree with it?

20. You may find, or you may already have discovered, that one or more of the attorneys, or the witnesses, or the defendant, may be of a race, national ancestry, or religion different from your own. In any court of law, prejudice and bias based on race, national ancestry, or religion have no place whatsoever. And it is important in selecting jurors that we make clear that race, national ancestry, or religion should have no bearing of any sort on the outcome of a case or in your consideration of the

case. If any of you feels that you cannot be fair in a case involving people of a certain race, ancestry, or religion, please raise your hand.

21. Would you surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict?

22. The potential punishment for the offenses charged in the indictment is a matter that should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused. Can you put aside concerns about potential punishment in arriving at a fair and impartial verdict in this case?

23. Is there anything in your background or state of mind that might affect your ability to follow the law as instructed, or might affect your ability to be a just, fair, honest, and impartial juror to both sides in this case?

24. Finally, it may be that you know something that we do not know that troubles you about your ability to be a fair, impartial, and attentive juror in this case. If there is anything about *this* case, involving *these* charges, in *this* trial, with *these* people, that troubles you about your ability to be a fair, impartial, and attentive juror, please raise your hand and tell us about that.

25. [Consider any follow-up questions from counsel to be asked of the entire venire].

*Individual Questions:*

Now, I'm going to turn to your individual juror questionnaires. I will ask you a few questions about those, and then I will follow up with anyone who had a positive response to the earlier questions.

[*Go through below questions, individually, for each prospective juror in the jury box. After each round of challenges, go through these same questions for each new juror*]

So, our first prospective juror is Juror Number 1.

26. What is your name?
27. What is your highest level of education?
    a. [If higher education indicated]: What did you study?
28. What is your occupation? Describe your responsibilities.
29. Are you married? What is your spouse's education and occupation?
30. Do you have children? How many? How old?
    a. [If children are older than school age]: What do your children do for work?
31. Have you ever sat on a jury before? If so, did that jury reach a verdict? Was this a civil or criminal case? Were you the foreperson?
32. Have you ever testified in court, before a grand jury, or in a deposition?
33. Where do you get your news? (e.g., newspaper, social media)
34. If you're a television viewer, what kinds of shows, movies, or other media do you enjoy watching?
35. What do you like to do in your free time?
36. Have you or any member of your family or close friends ever been the victim of a crime?
37. Have you or any member of your family or close friends ever been employed by or worked for any law enforcement agency?

38. Did you or any of your close family members apply for or obtain a loan from the government during the Covid-19 pandemic, including a Paycheck Protection Program (PPP) loan or an Economic Injury Disaster Loan (EDIL)?

39. [Ask any individual follow-up questions that the Court or counsel has of the jurors in the jury box, regarding their jury questionnaires.]