UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:26-CR-39 |
| | ) | |
| BORKO STANKOVIC | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE**

The government hereby submits the following response to Defendant's motion to exclude evidence of certain conduct charged in the Superseding Indictment at trial (DE 61). Defendant seeks to prevent the government from presenting evidence regarding loan applications submitted on behalf of one of Defendant's companies, New Line Corporation, which he erroneously calls "uncharged conduct" that must be excluded.

Defendant's motion mischaracterizes the Superseding Indictment and misunderstands the law on wire fraud. For the reasons set forth below, the Court should deny Defendant's motion.

## I. The Superseding Indictment Defines the Scheme to Defraud to Include Defendant's Applications for New Line Corporation.

The first element of the wire fraud offense charged in the Superseding Indictment is that the Defendant knowingly devised or participated in a

"scheme to defraud." Pattern Crim. Jury Instr. 7th Cir., 18 U.S.C. §§ 1341 & 1343 (Mail/Wire/Carrier Fraud-Elements), page 636.

The Superseding Indictment defines the scheme to defraud in this case as follows:

> Beginning in or about May 2020 and continuing through in or about October 2021, in the Northern District of Indiana and elsewhere, the defendant, Borko Stankovic, with Individual A, Individual B, Individual C . . . knowingly and with intent to defraud, devised, intended to devise, and participated in *a scheme to defraud the SBA and lenders participating in the Covid-19 EIDL loan program and the Covid-19 PPP loan program* . . ." DE 30 at ¶ 21 (emphasis added).

The Superseding Indictment then defines the objective of the scheme:

> To unjustly enrich Borko Stankovic by submitting and causing to be submitted *false and fraudulent Covid-19 EIDL and PPP loan applications* to obtain loans to which Borko Stankovic was not entitled and to permanently retain the proceeds of certain loans through loan forgiveness. *Id.* at ¶ 22 (emphasis added).

Finally, the Superseding Indictment describes the Manner and Means of the Scheme, summarizing certain loan applications the Indictment alleges were fraudulent. These include applications for Defendant's three companies, Eclipse Trucking Inc., ESD Team Inc., and New Line Corp.

As related to New Line Corporation, the Superseding Indictment specifically describes an August 6, 2020, PPP application submitted to Bank A on behalf of New Line Corporation. The Indictment alleges that this application included fraudulent tax documents and bank statements with that application. *Id.* at 42-45.

## II. The Government's Evidence Will Establish that the New Line Corporation Applications Were Part of a Single Over-Arching Scheme to Defraud and Provide Evidence of Defendant's Knowledge and Intent.

The Government's evidence will show that the Defendant's PPP applications for New Line Corporation were submitted during the same timeframe, in the same manner, and for the same purpose as all other loan applications referenced in the Superseding Indictment. This is because they were all part of the same scheme.

For example, the evidence will show that the New Line Corporation application was submitted *on the same day*, August 6, 2020, on which the Defendant submitted his first EIDL application on behalf of Eclipse Trucking. The Eclipse Trucking application was approved and forms the basis for Count 1 of the Superseding Indictment. Additionally, the New Line Corporation was submitted to Bank A—the same PPP lender to which Defendant submitted applications for ESD Team Inc. (approved) and Eclipse Trucking (not approved) in May 2020.

Finally, the government will present evidence that Defendant worked with the same unindicted co-conspirators on his applications for New Line Corporation as he did for his other PPP loans. Among other things, the government will introduce text messages and emails showing that Defendant directed Individual C to alter the bank documents submitted with the August

6, 2020, New Line Corp. PPP application, and that Defendant also worked with Individual C and Individual A to obtain loan forgiveness for the PPP loans Defendant received for ESD Team and Eclipse Trucking (these forgiveness applications provide the basis for Counts 3 and 4 of the Superseding Indictment). This evidence not only shows the Defendant's efforts to obtain additional PPP loans—it provides direct evidence of the Defendant's knowledge that his scheme involved material misrepresentations, and that Defendant acted with intent to defraud.

This evidence will properly be admitted to prove the single scheme alleged in the indictment. *See United States v. Thomas*, 986 F.3d 723, 729-30 (7th Cir. 2021) ("A scheme is a continuing course of conduct, during a discrete period of time."); (quoting *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006)). A scheme can involve several acts by the same actor, playing the same role, and done in a similar way, as demonstrated by similar occurrences designed to defraud in a similar way, especially where such occurrences occur with a relatively short period of time. *Id.* (multiple fires occurring over three years apart were part of same scheme to defraud); *see also United States v. O'Brien*, 953 F.3d 449, 455 (7th Cir. 2020) (government alleged a single scheme to defraud where "[t]he relevant transactions . . . all involved: (1) at least one pair of the same group of real properties, (2) the defendant; (3) "lies in loan

documents;" (4) "the same class of victims (lenders);" and "(5) the same goal of obtaining financing related to the two properties for personal enrichment."

Here, all of the evidence regarding New Line Corporation pertains to the same time period during which the Defendant was submitting his other PPP loan applications. It will describe the same kind of loans, sought by the same defendant, and will show a similar course of conduct with the same unindicted co-conspirators who assisted the Defendant with other PPP loans as part of this offense. Therefore, the evidence is relevant and should be admitted.[1]

**III. The Scope of the Scheme is Not Limited by the Wire Transmissions Charged in the Indictment.**

The four interstate wire communications alleged in the Superseding Indictment each relate to the electronic processing of one of the four loans the Defendant successfully obtained as part of the scheme. Defendant argues that because the four counts of the Indictment are based on interstate wires related to loans for Eclipse Trucking and ESD Team, the government may only present evidence regarding those two companies, and may not present any evidence regarding applications submitted on behalf of Defendant's third company, New Line Corporation.

---

[1] Because the evidence presented in this case regarding New Line Corporation is direct evidence of the scheme to defraud and defendant's mens rea, Federal Rule of Evidence 404(b) is not implicated. *Baldwin*, 149 F.4th at 970; *Thomas*, 986 F.3d at 730.

It is black-letter law that in cases alleging a scheme to defraud, "evidence regarding the scope of [the defendant's] scheme is not limited to the wires specifically charged in the indictment." *See United States v. Baldwin*, 149 F.4th 959, 970 (7th Cir. 2025) (in wire fraud case, district court properly admitted evidence regarding conduct "not involved in the specific wires charged in the indictment.") (citing *United States v. Lanas*, 324 F.3d 894, 901 (7th Cir. 2003)); *see also United States v. Kolbusz*, 837 F.3d 811, 812 (7th Cir. 2016) (at trial for mail and wire fraud, "the prosecutor was entitled to prove the scheme as a whole, and not just the six exemplars laid out in the indictment . . . Kolbusz does not point to any decision holding that the prosecution is forbidden to show that a scheme has more victims than the number of counts in the indictment"); *see also United States v. Vasquez*, 673 F.3d 680, 688 (7th Cir. 2012) ) (nine counts of mail fraud each represented an execution of the scheme, but "because the entire scheme is an element of the crime, the district court did not err in considering all of the victims involved in the scheme instead of only the nine victims associated with Vasquez's use of the Postal Service") (citing *United States v. Boone*, 628 F.3d 927, 934 (7th Cir. 2010) (same).[2]

[2] The Seventh Circuit has long held that cases construing the mail fraud and wire fraud statutes are equally applicable to the other. *United States v. Leahy*, 464 F.3d 773, 786 (7th Cir. 2006); *United States v. Stephens*, 421 F.3d 503, 507 (7th Cir. 2005).

The interstate wires charged in the indictment, like the mailings in a mail fraud case, are simply the elements that confer federal jurisdiction. They do not dictate the scope of the offense. *United States v. Thomas*, 986 F.3d 723, 729 (7th Cir. 2021) ("In a mail fraud prosecution, the charged mailings trigger federal jurisdiction, but can relate to a scheme with a significantly wider scope"); *Baldwin*, 149 F.4th at 970 (same for wire fraud). The government has discretion to charge certain transactions as different means for carrying out an over-arching scheme to defraud without including a wire directly related to every component of the scheme. *See O'Brien*, 953 F.3d at 455 (government "acted appropriately within its discretion to charge the transactions as different means for carrying out an over-arching scheme to defraud.") Therefore, there is no basis in the law for limiting the scope of the scheme or the evidence at trial based on the specific wire transmissions charged in the indictment.

**IV. Evidence Regarding New Line Corp. Should Not Be Excluded Under Rule 403.**

Rule 403 permits excluding relevant evidence only if its probative value is substantially outweighed by the risk of confusion or unfair prejudice. Those concerns are not present here. The government's evidence regarding New Line Corporation is highly probative of the scheme as well as Defendant's knowledge and intent to defraud, and will not confuse any issues—in fact, it

will go directly toward helping the jury decide whether the Defendant participated in the scheme to defraud that is alleged in the Superseding Indictment. As for prejudice, only evidence that is *unfairly* prejudicial must be excluded, which means evidence that would cause the jury to decide the case on improper grounds. *United States v. Howard*, 692 F.3d 697, 707 (7th Cir. 2012). Here, the jury must decide whether the Defendant participated in the scheme to defraud that included fraudulent PPP loan applications for Eclipse Trucking, ESD Team, and New Line Corp. There will be no unfair prejudice in providing the jury with evidence regarding each company and each loan identified in the Superseding Indictment.

Respectfully submitted,

ADAM L. MILDRED
UNITED STATES ATTORNEY

BY: */s/ Zachary D. Heater*
Zachary D. Heater
Kevin F. Wolff
Assistant United States Attorneys
5400 Federal Plaza Suite 1500
Hammond, IN 46320
Phone: (219) 937-5500
Email: Zachary.Heater@usdoj.gov